UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:20-cv-00222-MR

BENSON MOORE,
a/k/a BENSON MOORE-BEY,
a/k/a MUJEEB ABDULA SHARIFF,

   Petitioner,

vs.

EDDIE M. BUFFALOE, Jr., Secretary
of Department of Public Safety,[1]

   Respondents.

**MEMORANDUM OF DECISION AND ORDER**

**THIS MATTER** comes before the Court on initial review of the Petition for Writ of Habeas Corpus filed by Petitioner Benson Moore pursuant to 28 U.S.C. § 2254 on August 14, 2020. [Doc. 1].

**I. BACKGROUND**

Benson Moore (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner is currently serving a sentence of 300 to 369 months of incarceration following a conviction on June 12, 2003 in Rockingham

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254. North Carolina law mandates that the Secretary of the Department of Public Safety is the custodian of all state inmates and has the power to control and transfer them. See N.C. Gen. Stat. § 148-4 (2017) ("The Secretary of Public Safety shall have control and custody of all prisoners serving sentence in the State prison system[.]"). Accordingly, Eddie M. Buffaloe, Jr., the current Secretary of the North Carolina Department of Public Safety, is the proper respondent in this action.

County for statutory rape/sexual offense. [Doc. 1 at 1-2; Doc. 1-2 at 34-35]. The Petitioner includes no information in his petition regarding any direct appeal or post-conviction relief motions filed in state court.

The Petitioner filed this Petition for Writ of Habeas Corpus on August 14, 2021. [Doc. 1]. The Petitioner argues that he is a Moorish American National and that the courts never established proper jurisdiction over him in violation of his constitutional rights, thereby resulting in his unlawful imprisonment. [Doc. 1 at 2-4]. The Petitioner seeks an order from this Court vacating his conviction and ordering his immediate release. [Id.].

## II. STANDARD OF REVIEW

Habeas relief may be granted to a state prisoner if the state court's last adjudication of a claim on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). Alternatively, relief may be granted if the state court's last adjudication of a claim on the merits "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

Rule 2(c) of the Rules Governing Section 2254 Cases requires a petitioner to specify all the grounds for relief available to him and to state the

facts that support each ground for relief. Rule 2(c), 28 U.S.C. foll. § 2254. Rule 4 of the Rules Governing Section 2254 Cases directs the district court to properly examine habeas petitions and dismiss the petition when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C. foll. § 2254.

### III. DISCUSSION

The Petitioner challenges the state court's jurisdiction over him as a Moorish American National and alleges that he is being unlawfully imprisoned in violation of his constitutional rights. However, the Petitioner's claims are vague and conclusory, and he includes no sufficient factual allegations in support of his claims. The Petitioner attaches various documents to his petition, including affidavits and documents purporting to establish the Petitioner's status a Moorish American National, but none of these attachments lend support to his clams. [Doc. 1-2].

The arguments presented by Petitioner challenging to the Court's jurisdiction over him due to his status as a Moorish American National have been repeatedly rejected by numerous courts as frivolous. See United States v. Spaulding, 323 Fed. Appx. 236 (4th Cir. 2009)(unpublished)(rejecting argument that court lacked jurisdiction over defendant because of his Moorish American National status); United States v. Burris, 231 Fed. Appx.

3

281, 282 (4th Cir. 2007)(unpublished)(rejecting "as patently frivolous" the argument by criminal defendant that court lacked jurisdiction because of his status as Moorish American National); United States v. Toader, 409 Fed. Appx. 9, 13 (7th Cir. 2010)(unpublished)( affirming district court's rejection of criminal defendant's jurisdictional challenge due to status as Moorish National as a frivolous argument). Because the Petitioner raises a frivolous argument based upon his status as a Moorish American National and fails to set forth any valid claim of relief, the petition shall be dismissed.[2]

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED**.

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. as the Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 474, 484 (2000).

---

[2] The § 2254 petition also appears to be subject to dismissal as untimely filed. 28 U.S.C. § 2254 petitions have a one-year statute of limitations, which may be tolled during the pendency of a properly filed state court post-conviction action. 28 U.S.C. § 2244(d)(1)-(2). The Petitioner seeks to challenge his 2003 conviction but includes no information regarding the dates of any direct appeal or state post-conviction proceedings to demonstrate the tolling of the statute of limitations or timeliness of his § 2254 petition.

3. The Clerk of Court is directed to substitute Eddie M. Buffaloe, Jr., Secretary of the North Carolina Department of Public Safety, as the respondent in this action.

**IT IS SO ORDERED.**

Signed: January 3, 2022

Martin Reidinger
Chief United States District Judge